UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SARA TINKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-141 |
| | ) |
| KNOX COUNTY, TENNESSEE and | ) |
| FRANKIE BYRNE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This section 1983 matter is before the Court on Defendant Frankie Byrne's Motion to Dismiss, [Doc. 9], the case in her individual and official capacities pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  The plaintiff has responded, [Doc. 11], and the matter is ripe for review.  For the reasons that follow, the motion is GRANTED in part and DENIED in part.

**I. Background**

The Court must take the allegations in the Complaint as true.  The plaintiff is a Knox County resident, and Defendant Byrne is employed by Knox County as an Animal Control Officer.  Knox County Ordinance section 6-34 limits the number of dogs that may be housed in a Knox County residence.  It also imposes a duty upon the Animal Control Officers to provide advanced notice to citizens, allowing the citizens the opportunity to remedy any alleged overcrowding.  In addition, the Ordinance allows a citizen to produce a veterinarian recommendation to obtain an exception to the Ordinance.  The Ordinance states in pertinent part:

. . . .

>   (c)  If it is determined that a person is in violation of this section, such person shall be allowed 30 days from the notice of violation to correct such violation.
>   . . . .
>   (e)  If all dogs and/or cats have been vaccinated and inoculated against disease as recommended by a veterinarian and such veterinarian will attest that such dogs and/or cats are properly cared for, the animal control division may exempt any restriction as specified in this section.

Defendant Byrne obtained a search warrant for the plaintiff's property on the basis that the plaintiff was keeping more dogs on the property than were allowed. On March 24, 2015, Defendant Byrne served the search warrant upon the plaintiff at 2003 Marshy Swamp Point, Knoxville, Tennessee, without any prior notice. On that day, the county seized the animals and then kept them at the local animal shelter. The county's veterinarian examined the animals and determined that they were in good health and properly kept. Subsequently, however, the county charged the plaintiff with violating Tennessee Code Annotated section 39-14-202, the animal cruelty statute. Then, on March 27, 2015, the county condemned the plaintiff's property, and she was forced to move. The charges were eventually dropped, and the plaintiff paid the animal shelter $1,700 to retrieve her dogs.

The plaintiff alleges in her Complaint that prior to March 24, 2015, she obtained a letter from her animals' veterinarian, Dr. Patrick Hackett, who affirmed that the plaintiff had met conditions for exception to Ordinance 6-34. The plaintiff further alleges that Defendant Byrne knew the plaintiff had obtained this letter, but did not include this information in her application for a search warrant.

## II. Standard of Review

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P.

12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Analysis

The defendant moves to dismiss all Counts against her in her individual and official capacities. This Court will address each issue in turn.

    **A. Official Capacity**

The defendant argues that the suit against her in her official capacity is redundant because plaintiff has sued Knox County, Tennessee. It is clearly established that official capacity suits are, in all respects other than name, to be treated as a suit against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Sixth Circuit has directed district courts that official capacity suits should be dismissed where the same claims are also brought against the county. *Jackson v. Shelby County Gov't*, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008). As such, the suit against the defendant in her official capacity is hereby dismissed.

### B. Individual Capacity

Defendant Byrne also moves to dismiss the case against her in her individual capacity on the basis of qualified immunity.

> In determining an officer's entitlement to qualified immunity [this Court] follow[s] a two-step inquiry.[1] *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). First, taken in the light most favorable to the plaintiff, [the Court] decide[s] whether the facts alleged show the officer's conduct violated a constitutional right. *Id*. at 201. If no constitutional right would have been violated were the plaintiff's allegations established, there is no need for further inquiry into immunity. If a violation can be made out on a favorable view of the plaintiff's submissions, [the Court] next ask[s] whether the right was clearly established. *Id*.

*Vakilian v. Shaw*, 335 F. 3d 509, 516-17 (6th Cir. 2003). In general, government officials performing discretionary functions are shielded "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "[A]ll but the plainly incompetent or those who knowingly violate the law" are protected by qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The relevant question for the Court regarding whether the right was

---

[1] The Supreme Court has held that the *Saucier* approach is no longer mandatory, and the district courts can elect to decide the second issue without determining whether a constitutional violation actually occurred. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This Court will use the two-step approach of *Saucier*.

4

clearly established is not the subjective intent of the defendant, but whether a reasonable officer would have believed the defendant's conduct to be lawful, in light of the clearly established law and information possessed by the defendant. *Anderson*, 43 U.S. at 640.

For the purposes of this motion only, Defendant Byrne concedes that the plaintiff meets the first prong of the inquiry. As a result, the Court will not address it.

As to the second prong, whether the right was clearly established, Defendant Byrne argues that she had discretion, per the Ordinance, whether to allow the plaintiff to exceed the dog limit. Thus, she argues, reasonable officers could disagree about the lawfulness of her conduct. Therefore, she asserts that "individual immunity must be recognized." Defendant Byrne does not present any additional arguments or reasoning to support her position.

It is true that the Ordinance gives the animal control officer discretion whether to exempt the plaintiff from enforcement of the Ordinance depending on certain criteria being met. This Court must take the plaintiff's allegations as true, and thus, it appears that the criteria of the Ordinance were met. Thus, Defendant Byrne could have, in her discretion, not followed through with the seizure of the animals. Still, she could have chosen to do as she did and seize the animals. However, a reasonable officer would be expected to follow the entirety of the Ordinance and in the order in which it was prescribed. The Ordinance prescribes a notice and chance-to-remedy period. According to the facts presented by the plaintiff, Defendant Byrne and the county did not give the plaintiff the 30-day notice to remedy the situation prior to the seizure. Thus, based on the facts as presented, Defendant Byrne failed to follow the ordinance. A reasonable officer would know that he/she must follow the Ordinance and that not following one of the procedures would result in unlawful conduct. To be sure, a reasonable officer would have believed the defendant's conduct to be unlawful, in light of the clearly established law and

5

information possessed by the defendant, i.e. the plain language of the Ordinance and knowing no prior notice was given. *Anderson*, 43 U.S. at 640.

## IV. Conclusion

For the reasons set forth above, the motion is GRANTED in part and DENIED in part and plaintiff's complaint against Officer Byrne in his official capacity is DISMISSED.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE